IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EVELYN MELÉNDEZ-MELÉNDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AGENCIA ESTATAL PARA EL MANEJO DE EMERGENCIAS Y ADMINISTRACIÓN DE DESASTRES (AEMEAD), et al.,<br><br>    Defendants. | Civil No. 06-2067 (ADC) |

## SEALED ORDER

The captioned complaint was settled on April 15, 20009. **ECF No. 71.** The court approved the settlement and dismissed the complaint with prejudice. **ECF Nos. 72, 73.** Notwithstanding, two years later, plaintiff filed a motion alleging that defendant Agencia Estatal para el Manejo de Emergencias ("AEMEAD") had breached the settlement agreement by failing to evaluate plaintiff Evelyn Meléndez ("plaintiff") within thirty days of the notification of judgment, in accordance with the fifth clause of the settlement agreement. **ECF No. 85.** On May 9, 2011, the court ordered defendant to show cause as to plaintiff's allegations that it failed to comply with the fifth clause of the settlement agreement and referred the dispute to Magistrate-Judge Marcos López ("Magistrate-Judge"). **ECF No. 86.** AEMEAD responded by stating that defendant had fully complied with the settlement agreement; that Meléndez had signed her performance appraisal within the stipulated timeframe; and that she had requested and obtained a special assignment ("destaque"). **ECF Nos. 90. 95. 96.**

On May 27, 2011, the Magistrate-Judge held a hearing regarding compliance with the settlement agreement, specifically clause five of the same. **ECF No. 99.** On March 6, 2012, the Magistrate-Judge issued a Report and Recommendation ("R & R") which recommended the denial of plaintiff's motion, finding that AEMEAD had complied with the terms of the settlement agreement. **ECF No. 116.** Objections to the R & R were due on March 23, 2012.

*Id*.  However, plaintiff did not object or otherwise oppose the R & R and the time to do so has expired.

## I.     Standard of Review for an Unopposed Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. Cv. R. 72(a).  Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation.  *See* 28 U.S.C. § 636(b)(1).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)).

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *López- Mulero v. Valez-Colón,* 490 F. Supp. 2d 214, 217 -218 (D.P.R. 2007) *(*citing *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied,* 474 U.S. 1021 (1985)).  Moreover, in conducting its review of an unopposed R & R, the court "needs only [to] satisfy itself by ascertaining that there is no 'plain error' on the face of the record."  *López-Mulero,* 490 F. Supp. 2d at 218.

## II.    Conclusion

After careful examination of the record and the unopposed R & R, the court hereby **ADOPTS** the R & R in full.  As a result, plaintiff's motion (**ECF No. 85**) is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 26th day of March, 2012.

                                                                       **S/AIDA M. DELGADO-COLÓN**
                                                                       **Chief United States District Judge**